Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
**HOGAN LOVELLS US LLP**
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

*Attorneys for Apple Inc.*
*and Apple Korea, Inc.*

FILED
FEB 20 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CV 19 80 046 MISC

Case No. _____

*IN RE EX PARTE* APPLICATION OF
APPLE INC. AND APPLE KOREA, INC.

Applicants.

**EMERGENCY UNOPPOSED EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. 1782 FOR LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**



---

EMERGENCY UNOPPOSED APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782

Apple Inc. and Apple Korea, Inc. (collectively, "Apple") apply to the Court for an emergency order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain limited document discovery from Intel Corporation ("Intel") for use in the following foreign litigations pending in South Korea: Korea Trade Commission (KTC) Investigation No. 4-1-2017-7; Korean Intellectual Property Trial and Appeal Board ("IPTAB") Case Nos. 18-980 and 18-2038. Declaration of Clayton C. James ("James Decl."), ¶ 3. Apple files this Application on an emergency basis because the document sought relates to a specific issue, which will be the subject (among others) of an IPTAB hearing scheduled on March 29, 2019. *Id.*, ¶ 7. Intel does not oppose this Application. *Id.*, ¶ 12.

This Application is supported by the memorandum of points and authorities below and the supporting James Declaration filed concurrently with this Application. The proposed subpoena to be served on Intel is attached as Exhibit A to this Application.

## INTRODUCTION

Apple designs, manufactures, markets, imports, and sells computers, smartphones, and other personal technological devices. Before the Korea Trade Commission (KTC), petitioner KAIST IP ("KIP") filed a request for an investigation into the importation of Apple's certain devices including bulk FinFETs and, if Apple's devices are found to infringe Korean Patent No. 10-0458288 ("KR288 Patent") and KR288 Patent is not found to be invalid, an exclusion order will issue against importation of Apple's devices. James Decl., ¶¶ 4–5. Subsequently, Apple filed invalidation actions before the Korean IPTAB to challenge the validity of the KR288 Patent, and the KTC issued an order staying the KTC investigation until the IPTAB issues its decision. *Id.*, ¶¶ 5–6.

In aid of its proceedings in South Korea against KIP, Apple seeks the production of a license agreement that Intel entered into with KIP and/or its affiliates (*e.g.*, KAIST, P&IB Co., Ltd., *etc.*) regarding the licensing of certain patents, including Korean Patent No. 10-0458288 (which is the patent KIP asserted against Apple in Korea). Specifically, Apple seeks production of the license in order to confirm the terms of the license.

This information is directly relevant to issues in the Korean action. For example, during the

|   |   |
|---|---|
| 1 | IPTAB proceeding, KAIST (assignee of the KR288 Patent) attempted to amend certain claims. |
| 2 | However, KAIST was not able to amend the claims in time, because Intel Corp. (licensee of the |
| 3 | KR288 Patent) did not provide its consent to the proposed amendment of claims.  On July 3, 2018, |
| 4 | KAIST asked the IPTAB for more time to obtain Intel's consent, explaining that (1) it was not able |
| 5 | to get in contact with Intel until recently, and (2) it was hard to explain to Intel why such a consent |
| 6 | was needed in Korea.  During the first IPTAB hearing on January 18, 2019 (which is over 6 |
| 7 | months after KAIST confirmed having discussed this matter with Intel), the Korean IPTAB judges |
| 8 | specifically requested KIP to explain (at the second hearing on March 29, 2019) why Intel did not |
| 9 | agree to the amendment.  James Decl., ¶ 7.  Since Apple does not have access to the Intel license, it |
| 10 | would be deprived of any opportunity to rebut arguments by KIP regarding what the Intel license |
| 11 | entailed.  For example, according to the terms of the Intel license, Intel may not even have any |
| 12 | obligations to provide any such consent.  Since the terms of the Intel license could be central to this |
| 13 | issue of why Intel did not agree to the amendment, Apple seeks to obtain a copy of this license |
| 14 | agreement. |
| 15 |         Neither KIP nor KAIST has produced the license agreement in the Korean actions.  *Id.*, |
| 16 | ¶ 10.  Furthermore, precedents of the Korean tribunals ordering document production or other |
| 17 | discovery are very rare, if not non-existent.  *Id.*, ¶ 11.  As such, Apple seeks to obtain a copy of this |
| 18 | license agreement, which is in possession of Intel, in the United States.  Section 1782 specifically |
| 19 | authorizes the production of documents such as those sought by Apple.  Intel has indicated that it |
| 20 | will not oppose the relief sought in this Application.  Accordingly, Apple respectfully requests that |
| 21 | the Court allow Apple to serve the subpoena as set forth in Exhibit A, so that Intel can produce the |
| 22 | requested document in time for the March 29, 2019 IPTAB hearing in Korea. |
| 23 |         This Court has authorized the *ex parte* filing of applications for discovery under Section |
| 24 | 1782.  *See, e.g., In re Roebers*, No. 12-MC-80145- RS, 2012 WL 2862122, at *2 (N.D. Cal. July |
| 25 | 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to |
| 26 | § 1782."); *In re Republic of Ecuador*, No. 10-MC-80225-CRB, 2010 WL 3702427, at *2 (N.D. |
| 27 | Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to |
| 28 | obtain the order authorizing discovery to be conducted ex parte.") (internal quotation marks and |

citation omitted).

    This Application satisfies Section 1782's statutory requirements. First, it is in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Intel has its global headquarters in Santa Clara, California. Second, Apple seeks the discovery "for use in a foreign [] tribunal," *id.*, because it seeks to use it in the Korean IPTAB and KTC. Third, Apple is an "interested person" in the Korean action, because it is a party to the case.[1] *See id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782.").

    The Supreme Court has also set forth several non-exclusive factors to assist district courts in the exercise of their discretion in granting Section 1782 applications, which will be addressed below. *Id.* at 264–65. The South Korean tribunals are receptive to the type of discovery Apple seeks, and the discovery provides key information for the South Korean actions. Apple is unaware of any restrictions imposed by the South Korean tribunals on proof-gathering procedures that would prohibit it from obtaining and introducing the discovery it seeks through Section 1782. Furthermore, Apple's discovery request is narrowly tailored and is not unduly intrusive or burdensome. Accordingly, Apple respectfully requests that the Court grant Apple's Application.

## LEGAL STANDARD

    Section 1782 authorizes a district court to provide "assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S. at 247. The statute sets forth three requirements that allow a district court to grant an application under Section 1782: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *In re Ex Parte Application of Apple Inc.*, No. 12-MC-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) (citation omitted); 28 U.S.C. § 1782(a). Granting an application under Section 1782 is discretionary. *Intel*, 542 U.S. at 264. In exercising this discretion, the

---

[1] Apple Korea, Inc. is a party to both the KTC investigation and the IPTAB proceeding in Korea. Apple Inc. is an "interested person" pursuant to 28 U.S.C. § 1782 as being the parent of Apple Korea, Inc. *See Intel*, 542 U.S. at 256–57; *In re Application of Purolite*, No. 3:16-MC-00056-JMC, 2016 WL 1294772, at *2 (D. S. Car. Apr. 4, 2016)

Supreme Court has provided several non-exclusive factors for courts to evaluate, including: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the application represents "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–265.

## ARGUMENT

As explained in detail below, this Application meets each of the statutory requirements of Section 1782. Furthermore, each of the discretionary factors articulated by the Supreme Court in *Intel* favor granting this Application.

### I.  This Application Meets the Statutory Requirements of Section 1782.

First, the person from whom the discovery is sought, Intel, "resides or is found" in this District. 28 U.S.C. § 1782(a). Intel holds the license at the center of Apple's discovery request, and has its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054. James Decl., ¶ 8. Therefore Intel "resides or is found" in this District.

Second, the discovery is sought for use in the Korean Trade Commission and the Korean Intellectual Property Trial and Appeal Board, and hence for "proceeding[s] before a foreign tribunal." 28 U.S.C. § 1782(a); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016) (concluding that "Congress' use of the term 'tribunal' was intended to 'ensure that assistance is not confined to proceedings before conventional courts,' but extends also to 'administrative and quasi-judicial proceedings.'") (quoting *Intel*, 542 U.S. at 249).

Third, Apple is an "interested party" because Apple Korea, Inc. is a named party in the South Korean proceedings. 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782."). Furthermore, Apple Inc. is an "interested party" as being the parent of Apple Korea, Inc. *See Intel*, 542 U.S. at 256–57 (noting that an "interested person" is "intended to include not only litigants before foreign or international

tribunals, but also … any other person whether he … merely possess a reasonable interest in obtaining the assistance."); *see also Purolite*, 2016 WL 1294772, at *2 ("Third, and finally, Purolite qualifies as an 'interested person' because its subsidiary is a participant in the foreign proceeding.").

For these reasons, Apple has satisfied each of the three statutory requirements for an application under 28 U.S.C. § 1782.

## II. The *Intel* Factors Favor Granting this Application.

### A. Apple Seeks Highly Relevant Information that Will Assist the South Korean Tribunals.

The Supreme Court advised district courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. This factor focuses on "whether the foreign tribunal is willing to consider the information sought" because if "there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citations omitted).

The discovery sought by Apple—*i.e.*, the license agreement entered into by Intel—is highly relevant because the Korean IPTAB has specifically requested KIP to be prepared to answer questions regarding the Intel license at the next hearing. While KIP has access to the Intel license, Apple does not. Hence Apple would be deprived of any opportunity to rebut arguments by KIP regarding what the Intel license entailed without this discovery. During the first IPTAB hearing, the presiding IPTAB judge repeatedly emphasized the need to give both parties a fair opportunity to be heard. For this reason, the receptiveness of the South Korean tribunals to discovery obtained in Section 1782 application weighs in favor of granting this Application.

### B. No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

Apple is unaware of any restrictions imposed by the South Korean tribunals on proof-

gathering procedures that would prohibit it from obtaining and introducing the discovery it seeks through Section 1782. Furthermore, given that the Korean IPTAB specifically asked KIP to be prepared to answer (at the March 29, 2019 hearing) why Intel did not agree to the amendment to claim 1 of KR288 Patent proposed by KAIST, Apple respectfully submits that the Korean tribunals (*i.e.*, Korean IPTAB) can be expected to be receptive to the information obtained by this request. Accordingly, this factor too weighs in favor of granting Apple's Application.

### C.  Intel Is Not a Party to the Korean Proceedings.

*Intel* further instructs courts to inquire whether "the person from whom discovery is sought is a participant in the foreign proceeding." 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). This factor arose out of the Supreme Court's concern that a party to foreign litigation would use Section 1782 to obtain discovery in the U.S. that it could have obtained from the foreign tribunal. *See id.* (finding that "the need for § 1782(a) generally is not as apparent" when the party from whom discovery is sought is a party to the foreign proceeding because "[a] foreign tribunal ... can itself order them to produce evidence.").

Neither KIP nor KAIST has produced the license agreement in the South Korean proceedings. James Decl., ¶ 10. Precedents of the Korean IPTAB ordering document production or other discovery are very rare, if not non-existent. *Id.*, ¶ 11. Moreover, Intel is not a party to the Korean actions. The South Korean IPTAB therefore cannot order Intel to produce the discovery Apple seeks, let alone in sufficient time for use at the IPTAB hearing. Accordingly, this factor also favors granting the Application.

### D.  Apple's Discovery is Narrowly Tailored to Avoid Undue Burden.

The Supreme Court emphasized that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Apple's proposed discovery requests are narrowly tailored and minimally burdensome. Apple seeks the production of only one license and any amendments to that license. Intel has indicated that it does not oppose Apple's discovery requests and is willing to respond to them once a formal subpoena has issued. James Decl., ¶ 12.

EMERGENCY UNOPPOSED APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782
6

Therefore this factor weighs in favor of granting the Application as well.

## CONCLUSION

Apple seeks narrowly tailored discovery for use in a South Korean proceeding that is set to for a hearing on March 29, 2019. The Application meets the statutory requirements of 28 U.S.C. § 1782, and each of the *Intel* factors weighs in favor of the Court exercising its discretion to grant the Application. Intel does not oppose this Application. Apple therefore respectfully requests this Court to grant Apple's Application as soon as practicable, authorizing Apple to serve Intel with a Subpoena in substantially the same form as Exhibit A, so that it may obtain the documents from Intel in time for the March 29, 2019 hearing in the South Korean proceedings.

Dated: February 20, 2019

Respectfully submitted,

*/s/ Clayton C. James*
Clayton C. James (Cal. Bar No. 287800)
**HOGAN LOVELLS US LLP**
4085 Campbell Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

*Counsel for Apple Inc. and Apple Korea, Inc.*